UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

JUIVONNE LITTLEJOHN,

                    Plaintiff,                              Case No. 1:22-cv-78

v.                                                          Hon. Hala Y. Jarbou

GRETCHEN WHITMER, et al.,

                    Defendants.
_____/

### OPINION DENYING LEAVE
### TO PROCEED *IN FORMA PAUPERIS* - THREE STRIKES

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983.

Plaintiff seeks leave to proceed *in forma pauperis*.  (ECF No. 2.)  Because Plaintiff has filed at

least three lawsuits that were dismissed as frivolous, malicious or for failure to state a claim, he is

barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g).  The Court will order

Plaintiff to pay the $402.00 civil action filing fees applicable to those not permitted to proceed *in*

*forma pauperis*.[1]  This fee must be paid within twenty-eight (28) days of this opinion and

accompanying order.  If Plaintiff fails to pay the fee, the Court will order that this case be dismissed

without prejudice.  Even if the case is dismissed, Plaintiff must pay the $402.00 filing fees in

accordance with *In re Alea*, 286 F.3d 378, 380–81 (6th Cir. 2002).

---

[1] The filing fee for a civil action is $350.00.  28 U.S.C. § 1914(a).  The Clerk is also directed to collect a miscellaneous administrative fee of $52.00.  28 U.S.C. § 1914(b); https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.  The miscellaneous administrative fee, however, "does not apply to applications for a writ of habeas corpus or to persons granted *in forma pauperis* status under 28 U.S.C. § 1915." https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

## Discussion

The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*.  As the Sixth Circuit has stated, the PLRA was "aimed at the skyrocketing numbers of claims filed by prisoners–many of which are meritless–and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997).  For that reason, Congress created economic incentives to prompt a prisoner to "stop and think" before filing a complaint.  *Id.*  For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b). The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit. *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits.  Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal.  The statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury."  The Sixth Circuit has upheld the constitutionality of the three-strikes rule against arguments that it violates equal protection, the right of access to the courts, and due

2

process, and that it constitutes a bill of attainder and is *ex post facto* legislation. *Wilson v. Yaklich*, 148 F.3d 596, 604–06 (6th Cir. 1998).

Plaintiff has been an active litigant in the federal courts in Michigan, having filed approximately forty cases in this district and more than a dozen other cases in the Eastern District of Michigan. In at least three of Plaintiff's lawsuits, the Court entered dismissals on the grounds of failure to state a claim. *See Littlejohn v. Green*, No. 2:07-cv-213 (W.D. Mich. Jan. 16, 2008); *Littlejohn v. McGinnis*, No. 2:98-cv-243 (W.D. Mich. Apr. 5, 1999); *Littlejohn v. Houseworth*, No. 2:91-cv-255 (W.D. Mich. Mar. 25, 1992); *Littlejohn v. Alexander*, No. 2:91-cv-244 (W.D. Mich. Nov. 27, 1991). Although two of the dismissals were entered before enactment of the PLRA on April 26, 1996, the dismissals nevertheless count as strikes. *See Wilson*, 148 F.3d at 604.

Plaintiff also has been denied leave to proceed *in forma pauperis* on the basis of the three-strikes rule on multiple occasions. *See, e.g.*, *Littlejohn v. Whitmer*, No. 2:20-cv-112 (W.D. Mich. Aug. 10, 2020); *Littlejohn v. Whitmer*, No. 2:20-cv-39 (W.D. Mich. Apr. 7, 2020); *Littlejohn v. Unknown Party*, No. 1:18-cv-498 (W.D. Mich. June 6, 2018); *Littlejohn v. Richardson*, No. 1:13-cv-763 (W.D. Mich. July 30, 2013); *Littlejohn v. Caruso*, No. 2:10-cv-316 (W.D. Mich. May 1, 2011); *Littlejohn v. Dube*, No. 2:10-cv-42 (W.D. Mich. Sept. 3, 2010); *Littlejohn v. Tribley*, No. 2:10-cv-26 (W.D. Mich. Aug. 26, 2010).

Moreover, Plaintiff's allegations do not fall within the "imminent danger" exception to the three-strikes rule. 28 U.S.C. § 1915(g). The Sixth Circuit set forth the following general requirements for a claim of imminent danger:

> In order to allege sufficiently imminent danger, we have held that "the threat or prison condition must be real and proximate and the danger of serious physical injury must exist at the time the complaint is filed." *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008) (internal quotation marks omitted). "Thus a prisoner's assertion that he or she faced danger in the past is insufficient to invoke the exception." *Id*. at 797–98; *see also* [*Taylor v. First Med. Mgmt.*, 508 F. App'x 488,

3

492 (6th Cir. 2012)] ("Allegations of past dangers are insufficient to invoke the exception."); *Percival v. Gerth*, 443 F. App'x 944, 946 (6th Cir. 2011) ("Assertions of past danger will not satisfy the 'imminent danger' exception."); *cf.* [*Pointer v. Wilkinson*, 502 F.3d 369, 371 n.1 (6th Cir. 2007)] (implying that past danger is insufficient for the imminent-danger exception).

In addition to a temporal requirement, we have explained that the allegations must be sufficient to allow a court to draw reasonable inferences that the danger exists. To that end, "district courts may deny a prisoner leave to proceed pursuant to § 1915(g) when the prisoner's claims of imminent danger are conclusory or ridiculous, or are clearly baseless (i.e. are fantastic or delusional and rise to the level of irrational or wholly incredible)." *Rittner*, 290 F. App'x at 798 (internal quotation marks and citations omitted); *see also Taylor*, 508 F. App'x at 492 ("Allegations that are conclusory, ridiculous, or clearly baseless are also insufficient for purposes of the imminent-danger exception.").

*Vandiver v. Prison Health Services, Inc.*, 727 F.3d 580, 585 (6th Cir. 2013).

A prisoner's claim of imminent danger is subject to the same notice pleading requirement as that which applies to prisoner complaints. *Id.* Consequently, a prisoner must allege facts in the complaint from which the Court could reasonably conclude that the prisoner was under an existing danger at the time he filed his complaint, but the prisoner need not affirmatively prove those allegations. *Id.* At the same time, the Court has the "unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). "A finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

In this action, Plaintiff sues Governor Gretchen Whitmer, Director of the Michigan Department of Corrections (MDOC) Heidi Washington, and Warden Matt Macauley. The factual allegations of Plaintiff's complaint are set forth under the heading "Imminate [sic] Danger." (Compl., ECF No. 1, PageID.3.) Specifically, Plaintiff alleges that "[p]rison officials have been

4

allowed into the facility whom are not vaccinated and have caused over 80 prisoners to be infected with Covid-19."  (*Id.*)  Plaintiff further alleges that "[t]he MDOC has had over 26,000 inmates affected by employees whom have been allowed to come to work and most do not wear [their] mask[s] and have contact with prisoners infecting them."  (*Id.*)

Plaintiff contends that "[w]e are now under imminent danger as the MDOC has continued to defy the CDC and DHS protocol by allowing these staff/employees to work in the facility."  (*Id.*)  Plaintiff states that the "[d]anger is impending[,] near at hand, happening now and is a threat to [his] life if [he is] infected according to the CDC, DHS, and other inmates['] lives." (*Id.* (emphasis omitted).)  Plaintiff further states that "[d]anger exist[s] presently as every day the infections are rising and close at hand, today."  (*Id.*)  Plaintiff contends that "[n]othing is done until prisoners are infected and then moved out of the unit every 7 days," (*id.*), and "[p]risoner(s) are presently under imminent danger of becoming infected."  (*Id.*, PageID.4.)

This is not Plaintiff's first action contending that the MDOC has placed him in imminent danger of contracting COVID-19.  In two earlier actions, Plaintiff was denied leave to proceed *in forma pauperis* because he had three strikes, and the Court concluded he was not in imminent danger at the time he filed his complaints.  *See Littlejohn v. Whitmer*, No. 2:20-cv-112 (W.D. Mich. Aug. 10, 2020); *Littlejohn v. Whitmer*, No. 2:20-cv-39 (W.D. Mich. Apr. 7, 2020).

While the Court acknowledges that Plaintiff has understandable concerns with the threat COVID-19 poses, the Court finds Plaintiff's allegations are insufficient to meet the exception to the three-strikes rule, as described in § 1915(g).  Specifically, Plaintiff's allegations regarding the imminent danger of contracting COVID-19 are entirely conclusory and speculative. The MDOC has promulgated numerous policies to address the risk posed to inmates by COVID-19.  *See, e.g.*, MDOC Director's Office Memorandum (DOM) DOM 2020-30 (eff. Apr.

8, 2020) (mandating multiple protective measures including the wearing of masks by prisoners and staff, screening of all individuals before entering prison facilities, keeping of social distance, restricting visits and phone calls, and limiting transfers and cell moves); DOM 2020-30R2 (eff. May 26, 2020) (outlining specific precautions to be taken by staff members, including the use of personal protective equipment and hand sanitizer); DOM 2020-30R3 (eff. May 27, 2020); DOM 2020-30R4 (eff. Aug. 10, 2020); DOM 2020-30R5 (eff. Aug. 25, 2020); DOM 2020-30R6 (eff. Aug. 27, 2020); DOM 2020-30R7 (eff. Nov. 5, 2020); DOM 2020-30R8 (eff. Nov. 24, 2020); DOM 2021-26 (eff. Jan. 1, 2021); DOM 2021-26R (eff. Jan. 12, 2021); DOM 2021-26R (eff. Jan. 12, 2021); DOM 2021-26R2 (eff. Jan. 21, 2021); DOM 2021-26R3 (eff. Jan. 25, 2021); DOM 2021-26R4 (eff. Mar. 5, 2021); DOM 2021-26R5 (eff. Mar. 19, 2021); DOM 2021-26R6 (eff. Mar. 26, 2021); DOM 2021-26R7 (eff. June 23, 2021); DOM 2021-26R7 (eff. June 23, 2021); DOM 2021-26R8 (eff. Aug. 6, 2021); DOM 2021-26R9 (eff. Aug. 23, 2021); DOM 2021-26R10 (eff. Oct. 11, 2021); DOM 2021-26R11 (eff. Nov. 19, 2021); DOM 2021-26R12 (eff. Dec. 3, 2021); DOM 2022-21R2 (eff. Jan. 14, 2022).[2]  Although Plaintiff alleges in a conclusory manner that the "[d]anger is impending[,] near at hand, happening now and is a threat to [his] life if [he is] infected according to the CDC, DHS, and other inmates['] lives," (Compl., ECF No. 1, PageID.3 (emphasis omitted)), "speculation about the mere possibility that he will become infected by the virus does not constitute imminent danger."  *Taylor v. Washington*, No. 2:20-cv-174, 2020 WL 5887248,

---

[2] The Court takes judicial notice of these facts under Rule 201 of the Federal Rules of Evidence.  The accuracy of the source regarding this specific information "cannot reasonably be questioned."  Fed. R. Evid. 201(b)(2); *see also* Paul F. Rothstein, *Federal Rules of Evidence* 49 (3d ed. 2019) (citing *Matthews v. NFL Mgmt. Council*, 688 F.3d 1107 (9th Cir. 2012) (taking judicial notice of statistics on the NFL website that the plaintiff played 13 games in California over 19 years); *Victaulic Co. v. Tieman*, 499 F.3d 227, 236–37 (3d. Cir. 2007), as amended (Nov. 20, 2007) (finding error where a district court took judicial notice of facts stated in "a party's . . . marketing material" on an "unauthenticated" website because marketing materials often lack precise and candid information and the source was not authenticated)).  Moreover, "[t]he court may take judicial notice at *any* stage of the proceeding."  Fed. R. Evid. 201(d) (emphasis added).  Thus, the Court may take judicial notice even at this early juncture because the Court is permitted to take judicial notice *sua sponte*, Fed. R. Evid. 201(c)(1), and "the fact is not subject to reasonable dispute," Fed. R. Evid. 201(b).

at *6 (W.D. Mich. Oct. 5, 2020).  Furthermore, the mere fact that Plaintiff is currently a prisoner within the MDOC does not mean that he is at a high risk of contracting COVID-19.  Plaintiff has failed to allege facts showing that he is at any greater risk of contracting COVID-19 than the general public.  The Court concludes that Plaintiff was not in imminent danger at the time he filed this complaint.  *See Vandiver*, 727 F.3d at 585.

Therefore, § 1915(g) prohibits Plaintiff from proceeding *in forma pauperis* in this action.  Plaintiff has twenty-eight (28) days from the date of entry of this order to pay the civil action filing fees, which total $402.00.  When Plaintiff pays his filing fees, the Court will screen his complaint as required by 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c).  If Plaintiff does not pay the filing fees within the 28-day period, this case will be dismissed without prejudice, but Plaintiff will continue to be responsible for payment of the $402.00 filing fees.

Dated:  __February 28, 2022__              /s/ Hala Y. Jarbou
                                          HALA Y. JARBOU
                                          UNITED STATES DISTRICT JUDGE

**SEND REMITTANCES TO THE FOLLOWING ADDRESS**:

Clerk, U.S. District Court
399 Federal Bldg.
110 Michigan St., N.W.
Grand Rapids, MI 49503

**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**